Filed 1/26/22  P. v. Mullany CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093633 |
| v. | (Super. Ct. No. P19CRF0168) |
| PATRICK TIMOTHY MULLANY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Patrick Timothy Mullany asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant falsely impersonated an Immigration and Customs Enforcement (ICE) agent and demanded money from four victims under threat of detention.  He subsequently dressed as an ICE agent with a gun and handcuffed two of the victims and

took their money. Defendant was charged with extortion by force or fear (Pen. Code, § 518 -- count 1),[1] attempted extortion (§ 524 -- counts 2-4), and second degree robbery (§ 211 -- counts 5-7). It was further alleged as to all counts that defendant had previously been convicted of a prior serious or violent felony, a strike (§ 667, subds. (b)-(i)), and as to counts 5 through 7, that he had been convicted of a prior serious felony (§ 667, subd. (a)(1).

Defendant pleaded no contest to two counts of robbery, counts 5 and 6, and admitted the strike allegation. The remaining charges and enhancements were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758. In accordance with the plea agreement, the trial court sentenced defendant to a stipulated aggregate term of eight years in state prison, as follows: the midterm of three years on count 5, doubled for the strike, plus one year (one-third the midterm) on count 6, doubled for the strike. The trial court ultimately awarded 606 days of presentence credit (527 actual and 79 conduct), and ordered defendant to pay various fines and fees.

At a restitution hearing, the trial court set restitution in the amount of $5,690, less $1,320 that law enforcement officers previously seized from defendant.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Undesignated statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.

                                              _____/S/_____
                                              MAURO, J.


We concur:


_____/S/_____
BLEASE, Acting P. J.


_____/S/_____
RENNER, J.

3